UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-cv-00225-CHB

| | |
|---|---|
| WATERLOO SPARKLING WATER CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PRO-LIQUITECH, LLC, d/b/a FLAVORMAN, )<br>)<br>Defendant. ) | **ANSWER** |

\* \* \* \* \*

Defendant, Pro-Liquitech, LLC, d/b/a Flavorman ("Flavorman" or "Defendant"), by counsel, submits the following Answer in response to the Complaint filed by Plaintiff Waterloo Sparkling Water Corporation ("Waterloo" or "Plaintiff"):

1. In response to the allegations contained in paragraph 1 of the Complaint, Flavorman admits that it entered into a Supply Agreement with Waterloo effective 2018 (the "Agreement") and states that the Agreement speaks for itself. Flavorman is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1, and they are therefore deemed denied.

2. Flavorman denies the allegations contained in paragraph 2 of the Complaint and states that the Agreement speaks for itself.

3. Flavorman denies the allegations contained in paragraphs 3, 18, 21, 29, 30, 31, 34, 36, 40, and 41 of the Complaint.

4. Flavorman is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 4, 13, and 15 of the Complaint, and they are therefore deemed denied.

5. Flavorman admits the allegations contained in paragraphs 25 and 28 of the Complaint.

6. Flavorman admits and denies in part the allegations contained in paragraph 5 of the Complaint. Flavorman states that it is a limited liability company and not a corporation.

7. The allegations contained in paragraphs 6 and 7 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Flavorman admits that it is a citizen of the Commonwealth of Kentucky with its principal place of business in this District. Flavorman is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraphs 6 and 7 to the extent they assert facts regarding Waterloo, and those parts are therefore deemed denied.

8. In response to the allegations contained in paragraphs 8, 12, 26, 27, and 33 of the Complaint, Flavorman states that the Agreement speaks for itself.

9. In response to the allegations contained in paragraph 9 of the Complaint, Flavorman states that the allegations state a legal conclusion to which no response is required, and further states that the Agreement speaks for itself.

10. In response to the allegations contained in paragraphs 10, 23, and 24 of the Complaint, Flavorman admits that it entered into an Agreement with Waterloo, states that the Agreement speaks for itself, and denies Waterloo's efforts to mischaracterize the parties' Agreement or inject terms that were not agreed.

11. In response to the allegations contained in paragraph 11 of the Complaint, Flavorman states that the parties' Agreement speaks for itself. Flavorman admits that it provided

a certificate with the referenced product and that the certificate speaks for itself.  Flavorman denies that the product was defective.

12.     In response to the allegations contained in paragraph 14 of the Complaint, Flavorman is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence, and they are therefore deemed denied.  Flavorman admits that flavors are affected by seasonality and that the referenced lot was tested by Gas Chromatography/Mass Spectrometry and met agreed specification.  Flavorman denies the remaining allegations in paragraph 14.

13.     In response to the allegations contained in paragraph 16 of the Complaint, Flavorman admits that Waterloo conveyed what it claimed were results of its investigation regarding the product, and it denies the remaining allegations contained in the paragraph.

14.     In response to the allegations contained in paragraph 17 of the Complaint, Flavorman denies that its product was defective and denies that it is liable to Waterloo for damages or expenses.  Flavorman affirmatively states that it delivered to Waterloo and Waterloo received delivery of a check totaling $63,915.85 from Flavorman in satisfaction of Waterloo's dispute.

15.     In response to the allegations contained in paragraph 19 of the Complaint, Flavorman admits that Waterloo terminated the Agreement in a letter dated November 4, 2020, but denies that Flavorman failed to perform and breached the Agreement.

16.     In response to the allegations contained in the first sentence of paragraph 20 of the Complaint, Flavorman states that the referenced documents speak for themselves.  Flavorman denies the allegations contained in the second sentence of paragraph 20 of the Complaint and affirmatively states Waterloo received delivery of a check totaling $63,915.85 from Flavorman in satisfaction of Waterloo's dispute.

17. In response to the allegations contained in paragraphs 22, 32, and 37 of the Complaint, Flavorman incorporates its corresponding defenses, responses, and denials as if fully restated herein.

18. In response to the allegations contained in paragraph 35 of the Complaint, Flavorman states that it is unable to conclude the facts that are intended to be asserted. In further response, Flavorman states that its Agreement with Waterloo speaks for itself and denies that there were defects in its product delivered to Waterloo. Moreover, Waterloo has accepted delivery of a payment made by Flavorman to satisfy Waterloo's alleged dispute.

19. The allegations contained in paragraphs 38 and 39 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Flavorman denies them to the extent they are designed to allege that Flavorman breached any law, alleged warranty, or term of the parties' agreement.

20. In response to the unnumbered paragraph in the Complaint beginning "WHEREFORE," including subparts a-e, Flavorman denies that Waterloo is entitled to any relief.

21. Flavorman denies any allegation in the Complaint that has not been specifically admitted in this Answer.

22. Flavorman reserves the right to file further response, amend this Answer, assert additional defenses, and file additional claims if necessary.

## **AFFIRMATIVE DEFENSES**

1. Waterloo has failed to state a claim against Flavorman upon which relief may be granted.

2. Waterloo's claims are barred by the doctrine of accord and satisfaction.

3. Flavorman affirmatively pleads, as a bar to Waterloo's claims, the provisions of any applicable agreement, including the Supply Agreement between Waterloo and Flavorman effective December 3, 2018.

4. Waterloo's claims are barred because Flavorman did not proximately cause any damages alleged by Waterloo.

5. Waterloo has suffered no compensable injury or damage by reason of any improper act, omission, or breach of obligation or duty by Flavorman.

6. The injuries and damages about which Waterloo complains were caused in whole or in part by Waterloo's own actions and omissions.

7. Waterloo's damages, if any, may have been caused by the superseding and intervening intentional or negligent acts of parties other than Flavorman.

8. The injuries and damages about which Waterloo complains were caused in whole or in part by acts or omissions of third parties over whom Flavorman had no control and for which Flavorman has no liability.

9. Waterloo's claims may be barred, reduced, limited, or set off by recovery from all other sources.

10. Waterloo's claims are barred by the doctrines of estoppel, waiver, and laches.

11. Waterloo's claims and damages are barred by its failure to mitigate.

## DEMAND FOR RELIEF

Accordingly, Flavorman demands as follows:

1. That the Complaint be dismissed with prejudice;

2. Alternatively, that a final Judgment for Flavorman be entered on all Counts of the Complaint;

    3.    That Flavorman be awarded all of its costs incurred in this litigation, including reasonable attorneys' fees; and

    4.    That Flavorman be awarded all other relief to which it may be entitled.

Respectfully submitted,

TACHAU MEEK PLC

/s/ Dustin E. Meek
Dustin E. Meek
Marc G. Farris
101 South Fifth Street, Ste. 3600
Louisville, Kentucky 40202
Phone: (502) 238-9900
Telecopy: (502) 238-9910
dmeek@tachaulaw.com
mfarris@tachaulaw.com
*Counsel for Flavorman*